UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

SHANTU N. SHAH,

        Plaintiff,

   v.

MYLIFE.COM, Inc., a corporation; JEFFREY TINSLEY, Chief Executive Officer MyLife.Com, Inc.; PETER OEY, Chief Financial Officer MyLife.Com, Inc.; GOOGLE, INC., a corporation; LARRY PAGE, Chief Executive Officer Google, Inc.' ERIC E. SCHMIDT, Executive Chairman Google, Inc.; XYZ Corporations(s) and John Does(s),

        Defendants.

Case No. 3:12-cv-1592 -ST

FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Shantu N. Shah, appearing *pro se*, filed a Complaint against defendants, MyLife.com, Inc., and Google, Inc., and several of their officers, as well as "XYZ Corporation(s) and John Does(s)," for a minimum of $1 billion damages because they listed her and her "family members' names, ages and places in which they live" on the internet without permission and "are in a business of selling private information to third parties." Complaint, ¶ 4. For the reasons set

1 - FINDINGS AND RECOMMENDATION

forth below, the Complaint should be dismissed with prejudice for lack of subject matter jurisdiction.

## STANDARDS

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  FRCP 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F2d 278, 280 (9th Cir 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.").

A court must liberally construe the allegations of a *pro se* plaintiff and afford the plaintiff the benefit of any doubt.  *Lopez v. Dep't of Health Servs.*, 939 F2d 881, 883 (9th Cir 1991).  However, under FRCP 8(a)(2), all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 US 41, 47 (1957).  This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.*

In order to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*, quoting *Twombly*, 550 US at 570.  When reviewing this complaint, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Knievel v. ESPN*, 393 F3d 1068, 1072 (9th Cir 2005), citing *Cervantes v. United States*, 330 F3d 1186, 1187 (9th Cir 2003).

**FINDINGS**

Several defects in the Complaint require *sua sponte* dismissal.

**I. Subject-Matter Jurisdiction**

First, federal courts are courts of limited jurisdiction, and a case is presumed to fall outside a federal court's jurisdiction unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert denied*, 503 US 936 (1992). Original jurisdiction must be based either on diversity of citizenship, involving suits involving more than $75,000 between citizens of different states, 28 USC § 1332, or on a claim involving the Constitution, laws, or treaties of the United States, 28 USC § 1331. On the Civil Cover Sheet, plaintiff invokes both diversity and federal question jurisdiction.

    **A.**    **Diversity Jurisdiction**

Diversity jurisdiction requires that all plaintiffs be citizens of different states than all defendants. *Pullman Co. v. Jenkins*, 305 US 534, 541 (1939). To establish diversity jurisdiction, plaintiff must allege that she is a citizen of one state, that all of the defendants are citizens of other states, and that she seeks damages of more than $75,000. Plaintiff alleges that she resides in (and presumably is a citizen of) the State of Oregon and that the amount in controversy exceeds $75,000. Complaint, ¶¶ 1, 8. Plaintiff also alleges that both MyLife.com, Inc., and Google, Inc., are California corporations with their main offices located in California and that the individually named defendants are residents of California. *Id*, ¶¶ 2-3. Those allegations establish diversity of citizenship among plaintiff and most of the defendants. However, plaintiff

fails to allege the citizenship of XYZ Corporation or the John Does, any one of whom may be citizens of Oregon and, thus, defeat diversity jurisdiction.

Even if XYZ Corporation and the John Does are not citizens of Oregon, it is far from clear what claim plaintiff could assert against any defendant or that this court would have personal jurisdiction over the individual defendants, as discussed below.

### B.    Federal Question Jurisdiction

Alternatively, jurisdiction under 28 USC § 1331 may be based on claims alleged under the United States Constitution or a federal law.  However, federal question jurisdiction is unavailable if the federal claim upon which it is based is patently without merit.  *Yokeno v. Mafnas*, 973 F2d 803, 808 (9th Cir 1992).  Plaintiff alleges only that defendants have violated the "commerce laws of the United States of America and our fundamental right of privacy." Complaint, ¶ 4.  This allegation is nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" which is insufficient to state any claim, let alone a federal claim. *Ashcroft*, 556 US at 678, quoting *Bell Atl. Corp.*, 550 US at 555.  Because plaintiff does not allege the violation of any specific federal statute or any specific provision of the United States Constitution, she fails to state any claim on which federal question jurisdiction may be based. Moreover, as discussed below, it is apparent that she can state no such claim.

## II. Personal Jurisdiction

Second, even if subject matter jurisdiction exists, it is highly unlikely that personal jurisdiction exists over the individual defendants.  A plaintiff must establish that personal jurisdiction is proper under both Oregon's long arm statute and constitutional due process requirements.  *Lake v. Lake,* 817 F2d 1416, 1420 (9th Cir 1987).  Aside from the two corporations of MyLife.com, Inc., and Google, Inc., there is no indication that any of the

4 - FINDINGS AND RECOMMENDATION

individual defendants directed any of their activities to Oregon.  Thus, under the constitutional test, plaintiff is unlikely to be able to show that these other defendants either had "continuous and systematic" or "substantial" contacts with Oregon to establish general jurisdiction or to satisfy the three-part test for specific jurisdiction.  *See id* at 1420 (general jurisdiction exists when a defendant has "continuous and systematic" or "substantial" contacts with the forum state); *Roth v. Garcia Marquez,* 942 F2d 617, 620-21 (9th Cir 1991) (the three-part test for specific jurisdiction requires that: "(1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; (2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable.").

### III. Failure to State a Claim

Even if plaintiff amends her Complaint to sufficiently allege diversity jurisdiction (which permits her to allege state law claims) and personal jurisdiction, she faces additional obstacles.

#### A. Communications Decency Act

 "Internet publishers are treated differently from corresponding publishers in print, television and radio."  *Carafano v. Metrosplash.com, Inc.*, 339 F3d 1119, 1122 (9th Cir 2003).  A federal law, the Communications Decency Act ("CDA"), 47 USC § 230(c)(1), provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  That language "immunizes providers of interactive computer services against liability arising from content created by third parties."  *Fair Hous. Council of San Fernando Valley v. Roommates.com*, *LLC*, 521 F3d 1157, 1162 (9th Cir 2008) (*en banc*); *see also Carafano*, 339 F3d at 1122 ("Through [§ 230 of the CDA], Congress granted most Internet services

5 - FINDINGS AND RECOMMENDATION

immunity from liability for publishing false or defamatory material so long as the information was provided by another party.").

The CDA defines "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the internet and such systems operated or services offered by libraries or educational institutions." 47 USC § 230(f)(2). That definition includes Yahoo!. *Barnes v. Yahoo!, Inc.*, 570 F3d 1096, 1101 (9th Cir 2009). For the same reason, both MyLife.com, Inc., and Google, Inc., fall within the definition of an "interactive computer service."

According to the minimal factual allegations in the Complaint, plaintiff complains about defendants' publication of her private information on the internet. Although she does not allege the source of that private information, it is reasonable to infer that defendants obtained it from third parties. Thus, the two corporate defendants, as well as their agents, cannot be sued for simply republishing information provided by third parties, including any claim under state law for invasion of privacy by an internet posting of personal information obtained from another party.

### B. Constitutional Claim

In addition to alleging a claim based on the publication of private information on the internet, which is barred by the CDA, plaintiff also appears to complain that defendants are selling her private information to third parties. She does not cite any federal law violated by such conduct, but only refers to "commerce laws" and her "fundamental right of privacy." This court is unaware of any law governing commerce that would support such a claim.

Liberally construing the Complaint, plaintiff may be attempting to state a claim for violation of her First Amendment right to privacy. However, the First Amendment does not

6 - FINDINGS AND RECOMMENDATION

authorize the filing of a lawsuit to recover damages.  Instead, plaintiff can only seek damages for a violation of her constitutional rights in accordance with 42 USC § 1983 which provides in relevant part as follows:

> *Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,* subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  (Emphasis added).

A plaintiff asserting a claim for relief under 42 USC § 1983 must allege a factual basis that satisfies the following factors:  (1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a person (4) acting under color of state law.  *Crumpton v. Gates*, 947 F2d 1418, 1420 (9th Cir 1991).  Both MyLife.com, Inc., and Google, Inc., are private, for-profit companies, and their officers are private persons.  Thus, even if plaintiff was denied her right of privacy, she is precluded from initiating a lawsuit under 42 USC § 1983 because all defendants are private parties and not persons acting under color of state law.  *See Murawski v. Pataki*, 514 F Supp2d 577 (SDNY 2007) (dismissing claims by independent party nominee for governor against Internet service provider and separate political Web site where both defendants were private actors and no state action was alleged); *Hammer v. Amazon.com*, 392 F Supp2d 423 (EDNY 2005) (dismissing claim by self-published author of book which received unfavorable review postings on online bookseller's Web site violated his First Amendment rights for failure to allege state action).

7 - FINDINGS AND RECOMMENDATION

Accordingly, plaintiff fails to state any viable claim for violation of a federal statute or denial of a constitutional right.

## IV. <u>Leave to Amend</u>

A *pro se* litigant must be given leave to amend his or her complaint unless it appears the deficiency cannot be cured by amendment. *James v. Giles*, 221 F3d 1074, 1077 (9th Cir 2000) (citations omitted). Viewing all allegations in the Complaint as true and construing all inferences in plaintiff's favor, this court concludes that it has no jurisdiction over plaintiff's claims for publication of private information on the internet or selling private information and that the deficiencies cannot be cured by amendment.

## <u>RECOMMENDATION</u>

For the foregoing reasons, plaintiff fails to allege that all defendants are citizens of states other than Oregon, fails to specifically allege any violation of a federal law or constitutional provision, fails to allege any basis for personal jurisdiction in Oregon over the individual defendants, and, based on the limited facts alleged, is barred from alleging any claim under federal or state law against MyLife.com, Inc., or Google, Inc., or their agents for publishing personal information about plaintiff and her family that was obtained from third parties. Therefore, the Complaint should be dismissed with prejudice for lack of subject matter and personal jurisdiction and without service of process.

## <u>SCHEDULING ORDER</u>

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Monday, October 08, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## **NOTICE**

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED September 21, 2012.

s/ Janice M. Stewart<br>
Janice M. Stewart<br>
United States Magistrate Judge